| **Debevoise & Plimpton LLP** | **Osborn Maledon, P.A.** | **National Center for Lesbian Rights** |
|---|---|---|
| 66 Hudson Boulevard | 2929 N. Central Avenue | 870 Market Street, Suite 370 |
| New York, NY 10001 | Suite 2000 | San Francisco, CA 94102 |
| (212) 909-6000 | Phoenix, AZ 85012 | (415) 343-7679 |
|  | (602) 640-9000 |  |

April 17, 2024

<u>VIA CM/ECF</u>

Molly Dwyer, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, CA 94119

  RE: *Helen Doe et al. v. Thomas C. Horne et al.*, No. 23-16026

Dear Ms. Dwyer,

  Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees provide notice of the following supplemental authority: *B.P.J. v. West Virginia State Board of Education*, 23-1078 (4th Cir. Apr. 16, 2024).

  *B.P.J.* concerns a challenge to West Virginia's "Save Women's Sports Act." Like the Arizona Ban at issue, the West Virginia statute defines "female" and "male" by "biological sex" and provides that sports teams "designated for females . . . shall not be open to students of the male sex." *Compare* W. Va. Code § 18-2-25d(b), (c) *with* Ariz. Rev. Stat. § 15-120.02(A), (B). Similar to Plaintiffs-Appellees, B.P.J.—a transgender girl on puberty-blocking medication and hormone replacement therapy—sought as-applied injunctive relief under the Equal Protection Clause and Title IX. Before this Court, Defendants-Appellants cited the *B.P.J.* district court opinion that has now been reversed in part and vacated in part. *See* Appellants' Br. at 42, 67.

  As relevant here, the Fourth Circuit held that, under the Equal Protection Clause, a law that treats transgender girls and non-transgender girls differently and that applies to girls' teams and not boys' teams discriminates on the basis of sex and is subject to intermediate scrutiny. *B.P.J.* at 18–21. The Fourth Circuit also rejected the defendants' argument, similar to that of Defendants-Appellants here, that B.P.J.'s as-applied challenge

April 17, 2024
Page 2

"convert[ed] intermediate scrutiny into strict." *B.P.J.* at 24; *compare* Appellants' Br. at 41–51.

The Fourth Circuit further held that the statute as applied to B.P.J. violates Title IX, concluding (1) the statute discriminates "on the basis of sex"; (2) the statute subjects transgender girls to different treatment because of their sex; and (3) B.P.J. was harmed by being treated differently. *B.P.J.* at 33–35. In doing so, the Fourth Circuit rejected arguments raised by Defendants-Appellants here that Title IX did not historically contemplate transgender discrimination and that Title IX's allowance of sex-segregated sports permits schools to exclude all transgender girls from girls' teams. *Compare B.P.J.* at 35–37 *with* Appellants' Br. at 61–67.

For the foregoing reasons, Plaintiffs-Appellees request that this Court consider *B.P.J.* in deciding the present appeal.

Respectfully submitted,

s/ Eric M. Fraser
Eric M. Fraser
Colin M. Proksel
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

Jyotin Hamid
Justin R. Rassi
Amy C. Zimmerman
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001

Amy Whelan
Rachel Berg
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102

*Attorneys for Plaintiffs-Appellees*