**James Otis Law Group, LLC**
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(314) 562-0031

April 18, 2024

<u>Via CM/ECF</u>
Ms. Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, CA 94119

       **RE:** *Helen Doe et al. v. Thomas C. Horne et al.*, **No. 23-16026**

Dear Ms. Dwyer,

      Appellants President Petersen, Speaker Toma, and Superintendent Horne provide this response to Plaintiffs-Appellees' Rule 28(j) letter regarding *B.P.J. by Jackson v. West Virginia State Board of Education*, 23-1078 & 23-1130, 2024 WL 1627008 (4th Cir. Apr. 16, 2024).

      *First*, while the Fourth Circuit concluded that West Virginia's Save Women's Sports Act was subject to intermediate scrutiny, *see id.* at *7, it did *not* find the law constitutionally infirm. Instead, it concluded there was a material dispute about whether biological boys on puberty blockers still "enjoy a meaningful competitive athletic advantage over cisgender girls[.]" *Id.* at *10. Here, Appellants provided overwhelming evidence that they do. *See* Br. Appellants 51–59; Appellants' Reply 18–25.

      So while *B.P.J.*'s standard-of-review and analytical standard conclusions, *see* 2024 WL 1627008, at *5–*8, erroneously ignore key cases—including binding precedent, *see* Br. Appellants 26–50—its scrutiny analysis comports with the observation in *Hecox v. Little*, 79 F.4th 1009, 1038 (9th Cir. 2023), that "the science and regulatory framework surrounding issues of transgender women's participation in female-designated sports is rapidly evolving." Indeed, that *B.P.J.* does not cite *Hecox* underscores the "extraordinarily fact-bound" nature of the analysis, *id.* at 1039, and the limited relevance of *B.P.J.*

      *Second*, the Fourth Circuit held the West Virginia law violated Title IX. *B.P.J.*, 2024 WL 1627008, at *11. Here, however, Appellants raised the Spending Clause argument, *see* Br. Appellants 66; Appellants' Reply 30, that was not made in *B.P.J.*, 2024 WL 1627008, at *13 n.3. And as Judge Agee noted in his dissent, to find that Arizona "violated Title IX by enacting a policy that unremarkably separates its sports teams by biological sex … runs afoul of the … Spending Clause." *Id.* at 21. Regardless, the *B.P.J.* majority's dismissal of contrary interpretative arguments by relying on "expected applications" of the law instead of its text, *id.* at *13 (quotations omitted), misses that every indicium of meaning—including dictionary definitions and statutory context—cuts against their reading, *see, e.g.*, Br. Appellants 61–66.

1

*B.P.J.* is distinguished and thus should not be followed.

Sincerely,

JAMES OTIS LAW GROUP, LLC

*/s/ D. John Sauer*
D. John Sauer
Justin D. Smith
Michael E. Talent
13321 N. Outer Forty Rd., Suite 300
St. Louis, Missouri 63017
(314) 562-0031
John.Sauer@james-otis.com

*Counsel for Intervenor-Defendants-Appellants President Petersen and Speaker Toma*

WILENCHIK & BARTNESS, P.C.

*/s/ Dennis Wilenchik*
Dennis I. Wilenchik, Esq.
Karl Worthington, Esq.
Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

*/s/ Maria Syms*
Maria Syms, Esq.
Director of Legal Services
Arizona Department of Education
1535 West Jefferson, BIN #50
Phoenix, Arizona 85007
Maria.Syms@azed.gov

*Counsel for Thomas C. Horne*

cc: All counsel via CM/ECF filing